**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**EDNA JEWELL ROBERTS,**<br><br>**Debtor.** | **Case No. 26-40048-357**<br><br>**Chapter 13** |
| **JENNIFER RAEKER-BICKEL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EDNA JEWELL ROBERTS,**<br><br>**Defendant.** | **Adv. Proc. No. 26-04015-357**<br><br>**Related to Doc. 32** |

## ORDER ON DEFENDANT'S MOTION TO LIMIT DISCOVERY

This matter is before the Court on the Objection by Debtor to Plaintiffs' Requests for Production Directed to Defendant, which has been re-docketed as a Motion to Limit Discovery (the "Motion"). Creditors Pets A Lone Sanctuary of Lincoln County ("PALS") and Jennifer Raeker-Bickel have filed a response. Both papers have been captioned and filed in Adversary Proceeding No. 26-04015, where I will enter this Order as well.

The parties have not provided copies of the discovery requests at issue, nor do I have sufficient information to address other issues discussed in the papers, such as the timeliness of objections asserted by Debtor Edna Roberts. I thus cannot provide a detailed ruling on the Motion. Instead, I offer some high-level observations, and I rely on the parties to implement them in good faith.

First, if PALS is pursuing discovery in the adversary proceeding—from which it has been dismissed—then the Debtor's objections to that discovery are well-taken. As a judgment creditor with a pending objection to confirmation of the Debtor's plan, however, PALS is entitled to

discovery in the main case. *See* Fed. R. Bankr. P. 9014(c)(1). Raeker-Bickel may pursue discovery in both proceedings.

Second, the issues in the adversary proceeding are now fairly narrow. The scope of discovery is broader than evidence that would be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Nevertheless, the parties have litigated Raeker-Bickel's claims to judgment already. I would not expect that substantial additional discovery would be required before the parties are sufficiently prepared for a trial on whether the Debtor's actions were willful or malicious.

Third, the scope of the confirmation hearing is not at all narrow. PALS and Raeker-Bickel have objected to confirmation of the Debtor's plan on the basis that she has not proposed the plan in good faith or commenced her Chapter 13 case in good faith. *See* 11 U.S.C. § 1325(a)(3), (7). These matters depend on the totality of the circumstances. *See In re LeMaire*, 898 F.2d 1346, 1349 (8th Cir. 1990) (en banc). It is possible that some of the financial records requested by PALS and Raeker-Bickel are so old that they cannot reasonably have any bearing on the Debtor's good faith, and perhaps there are other specific reasons why the records are not discoverable (again, I do not have the details). But in general, creditors objecting to good faith are entitled to fulsome disclosure of a debtor's financial situation, both in the present and in relevant past years.

Fourth, the consent of the Debtor's husband is not required before she may produce joint tax returns in response to valid discovery requests. They are her returns, and they are within her custody and control. But regardless, the Debtor's plan depends entirely on her husband's income and, it appears, his willingness to allocate a portion of that income to her plan payments. Schedules I and J show that the Debtor herself has no income, and the couple's monthly net income is $388.54. The Debtor's proposed plan payment is $150 per month, which leaves funds unallocated but will, in any event, pay only a small portion of PALS's and Raeker-Bickel's judgment. Within reason, the creditors are permitted to explore whether more might be available.

Fifth, unsupported claims of privilege, without preparation of a privilege log, are not permissible. If the Debtor persists in claiming that certain documents are privileged or subject to work-product protection, she should prepare and submit a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5) within 14 days after the date of entry of this Order.

For these reasons, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion (Doc. 32) is GRANTED IN PART AND DENIED IN PART, as stated above.

2. The parties are directed to implement the broad principles stated in this Order in good faith.

Dated: October 28, 2026
St. Louis, Missouri
cjs

Brian C. Walsh
United States Bankruptcy Judge

Serve:

**Brian M Wacker**
The Cook Group, PLLC
701 Market Street
Ste 1225
Saint Louis, MO 63101

**Edna Jewell Roberts**
151 Brook Hill Lane
Troy, MO 63379

**Rochelle D. Stanton**
Rochelle D. Stanton, Attorney at Law
500 Northwest Plaza Drive
Suite 507
St. Ann, MO 63074